NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0442n.06

Case No. 21-4181

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| YOLANDA MARISOL MENDEZ-RODRIGUEZ, ANTHONY RICARDO MENDEZ-RODRIGUEZ, ROLANDO FABRICIO VAZQUEZ-RODRIGUEZ, | ) ) ) ) | FILED<br>Nov 02, 2022<br>DEBORAH S. HUNT, Clerk |
|  | ) | ON PETITION FOR REVIEW |
| Petitioner-Appellant, | ) | FROM THE UNITED STATES |
|  | ) | BOARD OF IMMIGRATION |
| v. | ) | APPEALS |
|  | ) |  |
| MERRICK B. GARLAND, Attorney General, | ) | OPINION |
| Respondent-Appellee. | ) |  |

Before: COLE, CLAY, and MATHIS, Circuit Judges

**MATHIS, Circuit Judge.** Petitioners, Yolanda Marisol Mendez-Rodriguez ("Yolanda")
and her two sons, Anthony Ricardo Mendez-Rodriguez ("Anthony") and Rolando Fabricio
Vazquez-Rodriguez ("Rolando"), seek review of a final order of the Board of Immigration Appeals
("BIA") affirming the decision of the Immigration Judge ("IJ") to deny their applications for
asylum, withholding of removal, and relief under the United Nations Convention Against Torture
and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Petitioners challenge
the BIA's decision upholding the IJ's adverse credibility finding. Unfortunately, Petitioners did
not challenge, before this Court or before the BIA, the IJ's denial of Anthony and Rolando's
applications for relief or the IJ's alternative holding denying Yolanda's application for relief for
herself and her sons as derivative beneficiaries on the merits under the assumption that Yolanda

testified credibly. Thus, Petitioners forfeited any argument that the IJ or BIA erred in denying all three applications for relief on the merits. Therefore, we DENY the petition for review.

## I. BACKGROUND

Petitioners are natives and citizens of El Salvador. They came to the United States on or about December 14, 2016. On December 15, 2016, the Department of Homeland Security ("DHS") served Petitioners with a Notice to Appear ("NTA"). The NTA alleged that Petitioners were removable from the United States as aliens who were present in the United States without being admitted or paroled and without appearing at a time or place designated by the Attorney General under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i).

On October 5, 2017, Petitioners appeared with counsel before the IJ. Petitioners admitted the allegations in the NTA, conceded removability, and designated El Salvador as the country of removal. At the same hearing, each Petitioner applied for asylum, withholding of removal, and CAT relief, with Yolanda's application including Anthony and Rolando as derivative beneficiaries. To support their applications, Petitioners submitted a written statement from Yolanda, a letter from Yolanda's brother, a letter from Yolanda's previous employer, and other supporting documents.

On February 21, 2019, Petitioners again appeared with counsel before the IJ. Yolanda testified as to her account of their alleged persecution, answering questions from her own counsel, DHS counsel, and the IJ.

In her written statement and testimony, Yolanda described a situation that began in 2015. After her husband left her family in 2014, Yolanda took over her husband's business selling goat milk. Shortly thereafter, a man who was a member of the Mara 18 gang approached her and began

charging her rent to run her business. Although she agreed to pay the proposed rent in hopes of conducting her business in peace, the man would still visit her business, sexually harass, threaten, and proposition her. After she denied his sexual advances, the man threatened her business and threatened to hurt her sons and recruit them into the gang. In her testimony, Yolanda stated that the man physically harmed or touched her "several times" during this harassment. (A.R. 96). Sometime between November 2015 and January 2016, Yolanda lost her business. In her testimony, she claimed that after a knee injury, she had taken a short break from her business, but when she returned, she was told she could not enter. Yolanda testified that in September 2016, her son was threatened again, and Yolanda removed him from school.

Yolanda eventually reported the harassment to the police, who told her to leave the area while they investigated. Later, Yolanda went to the prosecutor's office with her brother, who is a police officer in El Salvador. After leaving the prosecutor's office, she received a phone call from the man who was harassing her. Yolanda alleges that the man realized her brother was a police officer after the man observed her with her brother at the police station. After her brother heard the phone call, Yolanda disclosed to him for the first time that she was being harassed in addition to her sons. Her brother then went back into the prosecutor's office, but the prosecutor told her brother that the police had not had time to investigate Yolanda's case and suggested that she and her sons leave the country instead. Following this, in November 2016, Yolanda sold her home and received some money from her brother to be able to leave the country. She and her sons ultimately left El Salvador on November 8, 2016.

Yolanda reported that the men who had threatened her were detained, but they were released after a month and a half. Further, she is unsure if there is anywhere in El Salvador that she could live safely.

At the conclusion of the hearing, the IJ issued a decision denying all forms of relief based on an adverse credibility finding against Yolanda. The IJ found that Yolanda's testimony was not credible because of inconsistencies with her written statement, inconsistencies with her brother's letter, internal inconsistencies within the testimony itself, and because overall, the testimony was not plausible and often incomprehensible.

Additionally, the IJ found that, even if Yolanda's testimony was credible, the Petitioners would not have succeeded on the merits of their asylum claim because Yolanda could not establish that membership in a protected social group ("PSG") was a "central reason" for the alleged persecution. (A.R. 43-44, 51). Yolanda claimed membership in the following PSGs: (1) family members of police officers who are targeted because of that family relationship, and (2) single El Salvadorian mothers who are targeted by gangs. The sons claimed membership in a PSG of young men subjected to gang recruitment in El Salvador. The IJ rejected the PSG of family members of police officers reasoning that, based on the chronology of events laid out in Yolanda's statements and because no allegations were made pointing to threats her other family members in El Salvador faced due to her brother's employment, she was not targeted because her brother was a police officer. The IJ also rejected the PSG of single women in El Salvador as "too broad, anamorphous, and lacking in social particularity." (A.R. 43, 52). Lastly, the IJ rejected the PSG of young men subject to gang recruitment as not viable, relying on *Castro v. Holder*, 530 F. App'x 513 (6th Cir. 2013).

Further, the IJ found that because the requirements for asylum had not been met, Petitioners necessarily could not meet the higher burden for withholding of removal. The IJ also found that, even if Yolanda's testimony was credible, there was not sufficient evidence in the record to

establish that police or other authorities were indifferent to or acquiesced in the harassment, and, therefore, Petitioners' CAT claim must fail.

On November 15, 2021, the BIA affirmed the IJ's decision and dismissed Petitioners' appeal. The BIA adopted the IJ's decision denying Petitioners' applications for relief and affirmed the IJ's adverse credibility finding for the reasons stated in her decision. Alternatively, the BIA concluded that even if Yolanda was found to be credible, the petitions for relief would be denied because Petitioners did not challenge the IJ's merits determination as to any of the applications.

## II. ANALYSIS

On appeal, Petitioners argue that: (1) the IJ and BIA erred in making an adverse credibility determination because it was not supported by substantial evidence, and (2) that the IJ and BIA erred by not establishing the competency of the interpreter on the record or conducting an inquiry into the quality of the interpretation of Yolanda's testimony. It is unnecessary to decide the seemingly complicated adverse credibility issue because Petitioners have not contested the IJ's and BIA's rulings that, even if Yolanda was credible, the Petitioners' applications must fail on the merits. Additionally, Petitioners have likewise forfeited their challenge to the interpreter's competency by failing to raise it before the IJ or the BIA.

A.

Under the INA, "the Attorney General may grant asylum to an alien who has applied for asylum" if "such an alien is a refugee." *Marikasi v. Lynch*, 840 F.3d 281, 286 (6th Cir. 2016) (citing 8 U.S.C. § 1158(b)(1)(A)). The applicable definition for refugee is a person "who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [their home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.

§ 1101(a)(42)(A). The asylum applicant bears the burden of proof to establish that they are a refugee. *Id.* § 1158(b)(1)(B). Asylum applicants can meet their burden by proving actual past persecution or a well-founded fear of future persecution. *Marikasi*, 840 F.3d at 287 (citing *Mikhailevitch v. I.N.S.*, 146 F.3d 384, 389 (6th Cir. 1998); 8 C.F.R. §§ 208.13(a)–(b) (1997)). "The applicant's testimony, if credible, 'may be sufficient to sustain the burden of proof without corroboration.'" *Id.* (internal citations and references omitted).

For a petition for withholding of removal, "an alien must show that it is more likely than not that he would be subject to persecution… were he removed from this country." 8 U.S.C. § 1231(b)(3); *Marouf v. Lynch*, 811 F.3d 174, 179 (6th Cir. 2016) (citing *Shkulaku–Purballori v. Mukasey*, 514 F.3d 499, 503 (6th Cir. 2007)). For relief under CAT, the applicant must show "it is more likely than not that he . . . would be tortured if removed . . .." *Marouf*, 811 F.3d at 179 (citing *Shkulaku-Purballori*, 514 F.3d at 503). Withholding of removal and CAT are mandatory, not discretionary, forms of relief for statutorily eligible applicants. *Id.* (citing 8 U.S.C. § 1231(b)(3)(A)).

"[A]n adverse credibility finding precludes an applicant from demonstrating either the well-founded fear of future persecution necessary to establish eligibility for asylum, or the 'clear probability' of future persecution necessary to qualify for withholding of removal." *Seo v. Holder*, 533 F. App'x 605, 615 (6th Cir. 2013) (internal citations and references omitted). Further, an adverse credibility finding precludes CAT relief. *Zhao v. Holder*, 569 F.3d 238, 249 (6th Cir. 2009).

Where, as in this case, the BIA adopts the IJ's decision and provides additional analysis, we review both the IJ's decision and the BIA's additional reasoning for substantial evidence. *Zhao*, 569 F.3d at 246 (citing *Mapouya v. Gonzales*, 487 F.3d 396, 405 (6th Cir. 2007)).

B.

Petitioners have forfeited any challenge to the IJ and BIA's determination that, even if Yolanda was found to be credible, they could not succeed on the merits of their claims because they did not challenge the merits determination before the BIA or before this Court. *See Suarez-Diaz v. Holder*, 771 F.3d 935, 945 (6th Cir. 2014). Failure to raise an issue before the BIA and this Court results in forfeiture of the issue. *See Ramani v. Ashcroft*, 378 F.3d 554, 558–59 (6th Cir. 2004) (holding that only claims properly presented to the BIA and considered on their merits can be reviewed by this Court); *see also Aguilar-Gonzales v. Barr*, 779 F. App'x. 354, 358 (6th Cir. 2019) (finding that because the petitioner did not address the BIA's determination that she was not a member of a particular social group or the BIA's other grounds for affirming the denial of her asylum claim, the petitioner forfeited any challenge to the denial of that claim).

The IJ found that, even if Yolanda was credible, Petitioners failed to establish that they were persecuted on account of membership in a PSG. The IJ also found that Petitioners' CAT and withholding of removal claims failed on the merits. Petitioners did not challenge these findings before the BIA, so the BIA correctly deemed the issues to be waived. Similarly, because Petitioners did not challenge either the IJ's or BIA's findings on this issue in their arguments before this Court, those arguments are forfeited.

C.

Petitioners' challenge to the IJ's and BIA's actions concerning the competency of the interpreter must also fail. Petitioners did not challenge the quality of interpretation or procedures in accepting Yolanda's translated documents before the IJ or the BIA. These issues were raised for the first time in Petitioners' appellate brief. "It is a well-established rule that this Court will not consider claims that are presented for the first time on appeal nor arguments that are not properly

raised below." *Zhao*, 569 F.3d at 247 (citing *Berryman v. Rieger*, 150 F.3d 561, 568 (6th Cir. 1998)). Thus, as discussed above, any issues related to interpretation or the interpreter's competency have been forfeited. *See Ramani*, 378 F.3d at 558–59.

### III.  CONCLUSION

Because Petitioners forfeited their arguments as to the merits of their petitions, the petitions for review are **DENIED**.